

faegredrinker.com

**Francis DiGiovanni**
Partner
francis.digiovanni@faegredrinker.com
302-467-4266 direct

Faegre Drinker Biddle & Reath LLP
222 Delaware Avenue, Suite 1410
Wilmington, Delaware  19801
+1 302 467 4200 main
+1 302 467 4201 fax

February 10, 2022

**VIA ECF**
The Honorable Maryellen Noreika
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 19, Room 4324
Wilmington, DE  19801

   Re: *Supernus Pharms., Inc. v. Lupin Limited, et al.,* C.A. No. 21-1293 (MN)

Dear Judge Noreika:

  The parties jointly submit herewith a proposed Scheduling Order.  The parties have agreed upon all provisions except for Paragraph 7(e)(ii), which pertains to the location of depositions.  The parties respectfully provide the following short explanations for their positions:

***Plaintiff states:***

  Plaintiff proposes that depositions occur in-person when feasible, and that the parties be required to make their relevant employees available in the U.S. for deposition.  First, under Plaintiff's proposal, the parties would endeavor to conduct all depositions in-person, unless travel restrictions, public health guidelines, or other good cause (including good cause relating to the COVID-19 pandemic) prevent a witness from appearing for an in-person deposition.  "In-person depositions have been a standard practice" and "simply referencing the pandemic is not a golden ticket to get out of discovery obligations."  *Sunstate Equip. Co., LLC. v. EquipmentShare*, No. 19-784, 2020 WL 7401630, at *1 (D. Utah Dec. 17, 2020); *see also Takeda Pharms. U.S.A., Inc. v. Mylan Pharms. Inc.*, No. 19-2216-RGA, D.I. 207 (D. Del. Nov. 12, 2021) (Oral Order granting in-person deposition).  Second, Plaintiff proposes that depositions take place in the United States—and that employees and others under the parties' control be made available for deposition in the United States—without requiring the parties to resort to the Hague Convention or any other international treaty, convention, or authority.  Not only is Lupin a counterclaim plaintiff, but it also availed itself of the Hatch-Waxman Act in the United States by willingly filing a Paragraph IV certification in its ANDA application to the FDA to seek approval to market its ANDA products in the United States before the expiration of the patents-in-suit.  Under these circumstances, Lupin should not be permitted to frustrate or amplify the cost and difficulty of Supernus's discovery efforts by (i) forcing counsel to travel to India to take depositions of witnesses with actual knowledge of the facts, (ii) insisting that depositions be "conducted telephonically or via Zoom, LiveNote, or other similar means," or (iii) forcing Supernus to proceed through cumbersome international treaties in order to take routine fact discovery.

The Honorable Maryellen Noreika                                                                                    Page 2
U.S. District Court, District of Delaware

***Defendants state:***

      Lupin's proposal for Paragraph 7(e)(ii) provides that both parties present Rule 30(b)(6) witnesses for in-person depositions in the United States absent extraordinary circumstances, such as travel restrictions and quarantine issues caused by the pandemic.  It also proposes that both parties work together to determine a reasonable location and logistics for any depositions.  Lupin's proposal does not require fact witnesses who are not designated to testify pursuant to Fed. R. Civ. P. 30(b)(6) to travel to the U.S. and sit for an in-person deposition as the default rule. Lupin's proposal reflects the reasonableness and flexibility needed in the existing pandemic and embraced by Rule 30(b)(4)'s contemplation that depositions may "be taken by telephone or other remote means."

      Supernus's proposal requires <u>every</u> noticed fact witness to be presented for deposition in person in the U.S. as the default.  Witnesses should not be required at the outset of litigation, and before any deposition has even been noticed, to engage in such travel. Indeed, that is not what is required by the form scheduling orders in this district.  The facts of *Sunstate* and its holding that defendants "may certainly choose to do a remote deposition" do not support Supernus.  *Takeda* also does not support Supernus given the absence of a pandemic-based objection or witness objection in that case.  In addition, the reference to the Hague Convention/international treaties is a red herring—Lupin's proposal does not require this for any party employee.  Moreover, Supernus did not seek its default rule before the pandemic, *see, e.g.*, Civil Action No. 11-cv-01106 (D.I. 17), and it did not do so earlier in the pandemic, *see, e.g.*, Civil Action No. 21-cv-00489 (D.I. 13).  Supernus has failed to present a compelling reason for doing so now.  The Court should reject Supernus's proposal as unreasonable, unnecessary and unworkable given the on-going global health crisis.

      The parties are available at the Court's convenience for a conference should the Court deem that necessary.

                                          Respectfully Submitted,

                                          Francis DiGiovanni

FD/cec
Encl:  Proposed Scheduling Order

cc:     Clerk of the Court (via ECF)
        Counsel of Record (via ECF)